EMERY v. PEASE.

A complaint, without averring that the parties had stated an account, set forth a state of facts showing that the plaintiff was entitled to an accounting, and tending to show an account stated. It demanded judgment for a sum certain as an ascertained balance: *Held*, that the complaint should not be dismissed, but that the action proceed as if the plaintiff had prayed an accounting and judgment for the amount which should thereupon be found due.

APPEAL from the Supreme Court. The complaint set out an agreement between the plaintiff and defendant, by which the former was acting as a superintendent of a manufactory of agricultural implements, and was to receive, in addition to a fixed salary, half the net profits of the business. It was provided that the net profits were to be ascertained by deducting from the gross receipts various enumerated charges and expenses, and all losses in the business, including bad debts. The plaintiff was to keep the books, and at the end of each year an accurate account was to be taken of the stock and business of the factory, the net profits ascertained and the plaintiff's compensation to be paid in cash or the defendant's notes at six

months. The plaintiff averred that he served as superintendent one year, and at the end thereof, with the knowledge and assent of the defendant, he made out an accurate account and inventory of the stock and business, and stated an account of the net profits of the business according to the stipulations of the agreement, and delivered the said statement in writing to the defendant, February 19, 1855, to which he made no objections, and now (the complaint was verified March 30, 1855) has the same in his possession. Breach, that defendant refused to pay half the net profits stated in said account, which, after deducting a credit admitted by the complaint, amounted to $6,544.62, for which sum, with interest, judgment was demanded.

The answer averred that the entire balance claimed by the plaintiff consisted in uncollected demands for goods sold during the progress of the business upon terms of credit, which in most instances had not expired, and insisted that the defendant was not liable to pay any sum for net profits until the demands outstanding were collected, and the losses to happen from bad debts deducted therefrom.

On the trial at the Albany Circuit before Mr. Justice GOULD, the defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The judge granted the motion, holding that the plaintiff should have brought his action for an accounting. The plaintiff excepted, and the judgment against him having been affirmed at general term in the third district, appealed to this court.

*William D. White*, for the appellant.

*John H. Reynolds*, for the respondent.

COMSTOCK, J. Regarding the suit as an action at law according to the distinction between legal and equitable remedies which formerly prevailed, we think the Supreme Court were right in holding that it could not be maintained upon the

facts averred in the complaint. The pleader has set forth some matters of evidence having perhaps a slight tendency to prove that the account had been taken and the balance due to the plaintiff ascertained by the parties according to the principles of the agreement between them. But he seems carefully to have avoided the very conclusion of fact which alone would justify a suit for the recovery of an ascertained and admitted balance, to wit, that the parties had stated the account and that the statement thus made showed there was due to the plaintiff the sum which he claimed to recover. The averment that the plaintiff had made a statement and delivered it to the defendant who made no objections to it, does not necessarily establish the required conclusion even if it has a tendency in that direction; and consequently we cannot hold that the fact of an account stated between these parties has been pleaded in any manner or form. We are required, and we are always inclined to give a liberal and benign construction to pleadings, under the present system; but if a party either ignorantly or willfully will omit the very fact on which his case depends, and will content himself with averring evidence inconclusive in its nature, he must take the consequences of his error if objection be made at the proper time.

But if an account of net profits has not been taken according to the rule furnished by the agreement, it seems to us, upon the facts stated, that the plaintiff is entitled to such an account and then to recover whatever sum, if anything, shall appear to be due to him. This is probably not the view in which the suit was brought, nor is it in accordance with the prayer of the complaint. But relief is to be given consistent with the facts stated, although it be not the relief specifically demanded (*Code*, § 275); and in determining whether an action will lie, the courts are to have no regard to the old distinction between legal and equitable remedies. Those distinctions are expressly abolished (*Code*, § 69). A suit does not, as formerly, fail because the plaintiff has made a mistake as to the form of the remedy. If the case which he states entitles him to any remedy, either legal or equitable, his complaint is not to be dismissed because

he has prayed for a judgment to which he is not entitled. In this case the plaintiff was to be paid one-half the net profits of a certain business, to be ascertained by an annual accounting in a particular manner. His averments are too feeble to show that any precise sum or any sum at all is due to him; but we think they do show that he is entitled to an accounting in order to ascertain whether anything and how much is due. That being ascertained by appropriate proceedings in the action, final judgment will be given accordingly.

The judgment must therefore be reversed, and a new trial granted.

All the judges concuring,

Judgment reversed, and a new trial ordered.