# Cases

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## July, 1876.

---

ROBERT V. MACKEY, RESPONDENT, *v.* CHARLES B. AUER, APPELLANT.

*Demurrer — when the facts alleged justify any relief — though not the relief asked for — will not be sustained.*

A complaint alleged a partnership between plaintiff and defendant; its dissolution; an accounting; a certain sum found due plaintiff; a demand therefor and refusal to pay, and asked judgment for the amount. *Held,* not to be demurrable, although no promise to pay the amount was alleged.

It is not sufficient to show that the relief upon certain facts could not be that subsequently asked for by the complaint ; it must be shown that, upon the facts alleged, the plaintiff would not be entitled to any relief at the hands of the court, for the legal or equitable powers of the court are not necessarily controlled by the prayer for relief which the plaintiff adopts, although the relief, where no answer is interposed, cannot go beyond such prayer.

A cause of action in the Code means any cause of action.

APPEAL from an order made at Special Term overruling a demurrer to the complaint, setting up that it did not state facts sufficient to constitute a cause of action. The complaint set forth that May 2, 1872, the plaintiff and defendant entered into a copartnership and continued the same until July 23, 1873, when it was dissolved by mutual consent of the parties ; that on said last mentioned day they had an accounting of all matters of said copartnership, and an account therefor was duly stated between them, and that thereupon

it appeared, and the fact was the defendant stood and was indebted to the plaintiff in the sum of $1,032.89, and said sum was on said day due and payable from the defendant to the plaintiff, and alleged the neglect and refusal of the defendant to pay said sum, though often requested, and demanded judgment for said sum, with interest and costs.

*John R. Dos Passos,* for the appellant. The complaint does not state an express, or any promise on the part of the defendant to pay the demand. The rule is well settled in this State, that no suit can be brought at law for any thing relating to partnership concerns, unless there has been a final accounting, a balance struck, and an express promise. (*Casey* v. *Brush,* 2 Caines, 293 ; *Murray* v. *Bogert,* 14 Johns., 318 ; *Halstead* v. *Schwetzel,* 17 id., 80 ; *Westerlo* v. *Evertson,* 1 Wend., 532 ; *Clark* v. *Dibble,* 16 Wend., 601 ; *Townsend* v. *Goewey,* 19 id., 424 ; *Graham* v. *Cammon,* 13 How. Pr., 360 ; *Atwater* v. *Fowler,* 1 Hall, 180 ; *Koehler* v. *Brown,* 31 How., 235 ; *Pattison* v. *Blanchard,* 6 Barb., 537 ; affirmed in 1 Selden, 186 ; *Cummings* v. *Morris,* 25 N. Y., 629 ; *Howard* v. *France,* 43 id., 593 ; *Crater* v. *Bininger,* 45 id., 545 ; *Gage* v. *Angell,* 8 How. Pr., 335, 336.)

*Hamilton Cole,* for the respondent. Where a partnership has been dissolved and an account stated, an action at law will lie without an express promise to pay. (*Rackstraw* v. *Imber,* 1 Holt's N. P., 368 ; *Wetmore* v. *Baker,* 9 Johns., 307 ; *Bond* v. *Hays,* 12 Mass., 34 ; *Crosby* v. *Nichols,* 3 Bosw., 450 ; *Atwater* v. *Fowler,* 1 Hall, 180 ; *Robson* v. *Curtiss,* 1 Starkie's N. P., 78 ; *Veeney* v. *Leekie,* 13 East, 7 ; *Halderman* v. *Halderman,* 1 Hemp. [Ark.], 559 ; *Van Ness* v. *Forrest,* 8 Cranch, 30 ; *Pole* v. *Phillips,* 5 id., 154, opin. of CRANCH, Ch. J. ; *Lamalere* v. *Caze,* 1 Wash. C. Ct., 433 ; *Beach* v. *Hotchkiss,* 2 Conn., 428 ; *Fanning* v. *Chadwick,* 3 Pick., 420, and all the Mass. cases ; *Ozeas* v. *Johnson,* 1 Binney, 191, and other Penn. cases ; *Grisby* v. *Nance,* 3 Ala., 347 ; 13 id., 214 and the Ala. cases ; *Fromont* v. *Copeland,* 2 Bing., 170 ; Collyer on Part. [3d ed.], § 280 ; Pars. on Conts., 165.) To sustain the demurrer amounts to a summary dismissal of the complaint. But the complaint cannot be dismissed if it states any cause of action

legal or equitable. The demand for judgment and the form of complaint is immaterial.

DAVIS, P. J. :

The complaint alleges that on the 2d day of May, 1872, the plaintiff and defendant entered into a copartnership, and carried on the business of manufacturing hair ribbons under the name of C. B. Auer & Co., and continued such partnership and business till the 23d day of July, 1873, when the firm was dissolved by mutual consent of the parties ; that on said twenty-third of July, the plaintiff and defendant came to and had an accounting of all matters and transactions before that time had between them in said copartnership, and an account therefor was duly stated between the plaintiff and defendant, and thereupon it appeared and the fact was, that said defendant stood and was indebted to the plaintiff in the sum of $1,032.89, and that said sum was on said 23d of July, 1873, due and payable from the defendant to the plaintiff. It then alleges the neglect and refusal of the defendant to pay said sum, though often requested, and demands judgment for the amount named, with interest and costs.

To this complaint the defendant demurs, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. It is claimed, on the part of the appellant, that the objection is well taken, because no express promise to pay the amount found due upon the accounting between the copartners is alleged. If this point would have been well taken in an action *at law* under our former system (which it is not necessary to consider), yet it seems clear, upon authority, that it is not well taken now. The distinction between actions at law and suits in equity, as they formerly existed, no longer prevails. All remedies in courts of justice, whether legal or equitable in their character, are to be sought by actions or by special proceedings ; and it is only necessary, therefore, that the complaint should contain facts sufficient to call upon the court to grant relief to the plaintiff, by the exercise of either its legal or equitable powers ; and those powers are not necessarily controlled by the prayer for relief which the plaintiff adopts, although the relief cannot, where no answer is interposed, go beyond such prayer. It follows, therefore, that whenever the complaint

contains allegations of fact, which if proved upon a trial after issue of fact joined would entitle the plaintiff to some relief, either legal or equitable, a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action will not be upheld. The defendant cannot demur to the prayer for relief. He must demur to the facts alleged ; and, to sustain his demurrer, he must show that upon those facts the plaintiff cannot have any relief at the hands of the court; and it is not sufficient for him to show that the relief upon such facts could not be that asked for by the complaint. The right to demur is not given by the Code, on the ground that the complaint does not state facts sufficient to entitle the plaintiff to the relief demanded therein ; but on the ground that the complaint does not state facts sufficient to constitute a cause of action — that is, any cause of action.

Bringing the complaint in this action to this test, it seems to us clear that the facts stated would, if proven upon the trial upon issue of fact joined, entitle the plaintiff to relief. They show that a partnership was formed at a specified time, and in a specified business, between the parties to this action ; that the partnership and business continued to a specified time; that then, by mutual consent of the parties, the partnership was dissolved, and that at the time of the dissolution an accounting took place between the plaintiff and defendant of all matters and transactions before that time had in said copartnership, and that an account was stated between them upon which it appeared, and the fact was, that the defendant stood indebted to the plaintiff in the sum of $1,032.89 ; and that that sum was, on the 23d of July, 1873, due and payable from the defendant to the plaintiff, and that the defendant had neglected, though often requested, to pay it. If the plaintiff had appended to these facts, as the relief demanded, a prayer that the alleged accounting between plaintiff and defendant be adjudged final, and that defendant be decreed to pay to the plaintiff the sum found due upon such accounting, there would seem to be no doubt, that facts constituting a cause of action to which such relief would be applicable are sufficiently stated in the complaint. Hence it follows, that unless we are to uphold demurrers of this kind because of the form of the prayer, or unless we are to fall back upon the rigid rules and technicalities of strict actions at law under the former

system, when suits in equity and actions at law had no common but separate and independent tribunals, the demurrer in this case cannot be upheld. These views are sustained in principle, we think, by the judgment of the Court of Appeals in *Emery* v. *Pease* (20 N. Y., 62), in which it is said that, " in determining whether an action will lie, courts are to have no regard to the old distinction between legal and equitable remedies. Those distinctions are expressly abolished by section 69. The suit does not, as formerly, fail because the plaintiff has made a mistake as to the form of the remedy. If the case which he states entitles him to any remedy, whether legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled." And in *Johnson* v. *Kelly* (9 N. Y. S. C. [2 Hun], 139), where a demurrer like that in this case was overruled, notwithstanding the fact that the demand for judgment was for a specific amount, with interest and costs. The complaint in that case could very clearly not have been upheld on demurrer, in an action at law under the former system.

For these reasons, and without considering the questions so ably and elaborately discussed by the learned counsel for the appellant, as to whether the complaint in this case would have been good in an action at law under the former system, or whether it is now good for the reasons stated by the learned judge in the court below, we are of opinion that the demurrer was properly overruled, and the order should be affirmed with costs, and with leave to the defendant to answer over in twenty days on the usual terms.

BRADY and DANIELS, JJ., concurred.

Order affirmed with costs, with leave to defendant to answer over in twenty days on the usual terms.