# SUPREME COURT.

HENRY R. PIERSON, receiver, agt. RICHARD A. McCURDY.

*Complaint — Demurrer — Complaint by a receiver of a company against a trustee of another company to recover for moneys illegally obtained — Sufficiency of — Demurrer to not sustained — Parties.*

A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action, cannot prevail, unless it is apparent from an examination of the complaint, taking all its allegations to be true, that no cause of action whatever is stated.

The fact that the plaintiff may, in his complaint, have demanded relief to which he is not entitled, or may have misconceived the nature of the judgment which the court should pronounce upon the facts set forth in the complaint, does not make the complaint bad upon demurrer, if those facts entitle him to any judgment or any relief.

The complaint alleges that defendant, knowing that the stock of the Widows and Orphans' Company, in which he was a trustee, was greatly impaired and depreciated in value, became a party to a transaction by which he knowingly and illegally received the trust funds of the Mutual Protection Company in payment for the former company's stock, and that, with such knowledge, he disbursed the money thus received to himself and others in payment for such stock; that he also received $25,000 for his services in acting in the capacity of stakeholder of the moneys and stock pending the consummation of the agreement between the parties, and also paid to the president of the Widows and Orphans' Company, $10,000, in pursuance of the agreement alleged in the complaint:

*Held* (overruling demurrer to complaint as not stating facts sufficient to constitute a cause of action), that the complaint states facts sufficient to show a fraudulent conspiracy on the part of defendant, with others, to illegally obtain the trust moneys of the Mutual Protection Company; defendant being bound to know that that company was prohibited from investing its funds in stock below par, and the extravagant price paid for the stock in itself raising the presumption of fraud.

There is no defect of parties defendant, though others alleged to have been engaged in the scheme are not joined, because these parties were joint tort feasors with defendant, and severally as well as jointly liable to plaintiff; and it is, therefore, at his option to sue any one or all; and the fact that equitable relief is demanded does not affect the question as to parties.

*Special Term, June,* 1881.

Pierson agt. McCurdy.

*John E. Develin*, for defendant in support of the demurrer.

*William C. Trull*, for the plaintiff, opposed.

LAWRENCE, *J.*—I am of the opinion that the demurrer interposed by the defendant cannot be sustained. The demurrer is upon three grounds : First. That there is a defect of parties defendant. Second. That two causes of action have been improperly united, to wit, a cause of action as for a conspiracy by the defendant, and a cause of action on contract by the defendant to account as trustee. Third. That the complaint does not state facts sufficient to constitute a cause of action.

As to the last ground of demurrer, the defendant cannot prevail, unless it is apparent from an examination of the complaint, taking all its allegations to be true, that no cause of action whatever is stated. And the fact that the plaintiff may in his complaint have demanded relief to which he is not entitled, or may have misconceived the nature of the judgment which the court should pronounce upon the facts set forth in his complaint, does not make the complaint bad upon demurrer, if those facts entitle him to any judgment or any relief. This has been so often held that it seems hardly necessary to cite authorities, but the following cases are referred to as conclusively sustaining the proposition (*Hall* agt. *Omaha National Bank*, 49 *N. Y.*, 629 ; *Emery* agt. *Pease*, 20 *N. Y.*, 64 ; *Johnson* agt. *Kelly*, 2 *Hun*, 139 ; *Mackey* agt. *Auer*, 8 *Hun*, 181, 183, 184).

Without reciting in detail the allegations in the complaint in his case, I deem it sufficient to say that it appears to me that enough facts are stated to show that the plaintiff is entitled to some relief against the defendant. It is alleged in substance that, knowing that the stock of the company in which he was a trustee was greatly impaired and depreciated in value, he became a party to a transaction by which he knowingly and illegally received the trust funds of the Mutual

Protection Company in payment for that stock, and that with such knowledge he disbursed the money thus received to himself and others in payment for such stock. That he also received $25,000 for his services in acting in the capacity of stakeholder of the moneys and stock pending the consummation of the agreement between the parties, and also paid to the president of the Widows and Orphans' Company $10,000, in pursuance of the agreement alleged in the complaint. In other words, the facts stated in the complaint, in my opinion, show a fraudulent conspiracy or scheme on the part of the defendant and the others referred to in the complaint to obtain the trust moneys of the Mutual Protection Company by means of a sale to the latter which he knew to be illegal (*See Laws of* 1868, *chap.* 318, *sec.* 1; *Pratt* agt. *Short*, 79 *N. Y.*, 442).

He was bound to know under the law of the state that the Mutual Protective Company was prohibited from investing its funds in the stock of the Widows and Orphans' Company, the market value of that stock being far below par. And I agree with the counsel for the plaintiff that the extravagant price paid for the stock, independently of all other considerations, raises a presumption of fraud which would be alone sufficient to sustain the complaint (*See Boynton* agt. *Andrews*, 63 *N. Y.*, 93).

It follows, therefore, that the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action must be overruled.

Is there a defect of parties defendant for the reason that the others who are alleged to have been engaged in a scheme in pursuance of which the defendant received and disbursed the moneys mentioned in the complaint are not made parties defendant in this action? I think not. If my theory of the complaint is sound, the parties who joined with the defendant in the alleged fraud were joint *tort feasors* with the defendant, and severally as well as jointly liable to the plaintiff as the receiver of the Mutual Protection Company, and it is at the option of the plaintiff to sue any one, all, or such number of

the *tort feasors* as he may choose (*Roberts* agt. *Johnson*, 58 *N. Y.*, 616, *per* GROVER, *J.* ; *Creed* agt. *Hartman*, 29 *N. Y.*, 591, 597; *Low* agt. *Mumford*, 14 *Johns.*, 426).

Nor does the fact that equitable relief is demanded by the plaintiff affect the question as to parties. As already stated, the nature of the relief demanded does not affect the plaintiff's right to maintain this action, if in any conceivable point of view a cause of action against the defendant is disclosed by the facts set forth in the complaint. Besides, the rule in this respect as to wrongdoers is the same in equity as at law (*See Miller* agt. *Fenton*, 11 *Paige*, 20 ; *Attorney-General* agt. *The Corporation of Leeds*, 4 *London Jurist*, 1174 ; *Cunningham*, agt. *Bell*, 5 *Paige*, 612, *and cases cited*).

The objection that two causes of action have been improperly united I do not regard as well founded. But one cause of action is stated in the complaint, to wit, the alleged acts or scheme to which the defendant was a party, and by means of which he knowingly and illegally became possessed of the trust property of the Mutual Protection Company. The moneys came to him impressed with the trust for which they had been set apart, and he is sought to be held liable for his illegal diversion of them from the purposes of that trust, and for his unlawful appropriation of them to his own use and to the use of others.

The demurrer to the complaint is overruled and leave given to the defendant to answer over upon payment of costs.