PER CURIAM.
The defendant is a foreign corporation, and the service complained of was made upon one Post, in pursuance of the provisions of subdivision 3 of section 432 of the Code of Civil Procedure. It is not claimed that Post was not a proper person'to be served within that subdivision, or that any designation was filed in the office of the secretary of state of a person upon whom service could be made under subdivision 2 of the section referred to. It was, however, shown that the defendant, in compliance with the provisions of chapter 346 of the Laws of 1884, had filed in the office of the superintendent of insurance of this state a written appointment of the superintendent as its attorney upon whom process in any action or proceeding against the corporation might be served. By reason of this fact the appellant claims that subdivision 3 of section 432 of the Code does not apply, or authorize service on a managing agent as made in the present case. The provisions of the Code are general. Mo exception is made as to insurance companies. The provision of the act of 1884 appears in substance in section 30 of 'the insurance law (chapter 690, Laws 1892), which is the present law on the subject. It provides .a method in which such corporation 4‘may be served,” but does not exclude any other legal method of service. The appellant claims that the case of Lafflin v. Travelers’ Insurance Co., 121 N. Y. 713; 31 St. Rep. 900, is in point in favor of its contention, We think not. The question there was whether an appointment which the defendant had filed under the act of 1884 was sufficiently certified so as to take the place of an appointment previously filed under chapter 555 of the Laws of 1875. Mo question as to the effect of the provision of the Code was considered. See, also, Ives v. Met. Insurance Co., 78 Hun, 32; 60 St. Rep. 495, and Mullins v. Met. L. Insurance Co., 78 Hun, 297; 60 St. Rep. 240. We are of the opinion that the plaintiff was entitled to the benefit of the provisions of the Code, and that the order should be affirmed.
Order affirmed, with $10 costs and disbursements. ¡
HERRICK, J., not acting.,