Otto Huber, Respondent, v. John George Grauer, Appellant.—Judgment and order affirmed, with costs.—

PER CURIAM: The facts in this case are fully stated in the opinion of Mr. Justice Cullen, delivered at General Term in May, 1894, when a new trial was ordered upon the plaintiff's exceptions to a dismissal of the complaint. (*Huber* v. *Grauer*, 87 Hun, 100.) The case has now been tried in strict accordance with the directions contained in that opinion. The argument in behalf of the appellant on the present appeal is designed to show that a different view of the law and the facts should now be adopted from that which was then taken by the General Term. It is enough to say that the conclusion reached by that court and expressed in Judge Cullen's opinion finds recent support in the case of *Thomson* v. *Poor* ( 47 N. Y. 402), and that we think the former decision was correct. All concurred, except Pratt, J., not sitting.

J. Spencer Turner, Respondent, v. James C. Bayles, Appellant, Impleaded with The Sanitary Security Company and Another.— Judgment affirmed, with costs, upon the opinion of the Special Term. All concurred. The opinion of the Special Term was as follows:

CLEMENT, J.: The complaint in this case, in my opinion, states but a single cause of action, to wit, one in equity for rescission of a subscription for stock, and for damages in case rescission is decreed. In the prayer for relief an injunction also is asked against all the defendants, restraining them from incurring any liabilities of said corporation during the time plaintiff is a subscriber of record. This claim is based on the facts set forth in the 7th paragraph in the complaint. For this reason the defendants Bayles and Sumner are proper parties to the action. In the prayer it is asked by plaintiff "that the defendants account to plaintiff and pay over the $500 paid in by him on account of such subscription." If plaintiff had only asked that the defendant, the Sanitary Security Company, account, etc., the complaint would not be open to objection, even if defendant Bayles is correct in his contention that Bayles and Sumner are not liable in this action to account to plaintiff. The demurrer is taken by reason of a single claim in the prayer for relief. Conceding that the plaintiff has asked for greater relief than he is entitled to, the defendant Bayles cannot demur on the ground that two causes of action are im-

properly united. As said before, there is only one cause of action set up in the complaint, and that is equitable. If the plaintiff fails on the trial to make out a cause of action in equity against Bayles and Sumner, he cannot then recover on a cause of action purely legal. His complaint will be dismissed, or, at least, no relief will be given against them. (*Bradley* v. *Aldrich*, 40 N. Y. 504; *Wheelock* v. *Lee*, 74 id. 495, 500.) If the relief demanded is incorrect or excessive, it is not good ground for demurrer. (*Emory* v *Pease*, 20 N. Y. 62; *Wetmore* v. *Porter*, 92 id. 76, 80; *Pierson* v. *McCurdy*, 61 How. Pr. 134.) The plaintiff contends that the defendants Bayles and Sumner are liable to account in this action, as well as the corporation, for the amount paid on the subscription. In view of my conclusion it is not necessary to decide the question. Demurrer overruled, with costs, with leave to defendant to answer in twenty days, on payment of costs.

George S. Bentley, Respondent, v. Brooklyn Elevated Railroad Company, Appellant. — Judgment affirmed, with costs. All concurred. No opinion.

Antony Croveno, an Infant, by Marie C. Croveno, his Guardian ad Litem, Respondent, v. The Atlantic Avenue Railroad Company of Brooklyn, Appellant. — Judgment and order affirmed, with costs. No opinion. All concurred.

Samuel H. Comstock, Respondent, v. William H. Foose, Appellant.—Judgment affirmed, with costs. No opinion. All concurred, except Cullen, J., not sitting.

John J. E. Conroy, Appellant, v. Cora M. Conroy, Impleaded with Eugene F. C. Conroy and Others, Respondents.—Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Wilhelmina Lucas, Respondent, v. Benedict Fischer and Others, Appellants.—Judgment and order affirmed, with costs. All concurred. No opinion.

Joseph B. Pennell and Others, Respondents, v. Charles L. Bucki, Appellant.—Judgment and order affirmed, with costs. No opinion. All concurred, except Bartlett, J., not sitting.

Margaret Fifer, as Administratrix, etc., of Patrick J. McGuinness, Deceased, Respondent, v. The Prudential Insurance Company of America, Appellant. — Order affirmed, with ten dollars costs and disbursements upon authority of *Howard* v. *Prudential Ins Co.* (1 App. Div. 135). All concurred.

## THIRD DEPARTMENT, MAY TERM, 1896.

Lena R. Boyer and Others, Respondents and Appellants, v. Sydney S. Decker, as Executor, etc., Appellant and Respondent.—Judgment affirmed, with costs to both parties out of the fund.—

LANDON, J.: We do not think the defendant should be heard to challenge the validity of the sixth clause of the will of Samuel Stevens. The will was admitted to probate thirty years ago. Mr. Shearer, the defendant's testator, the executor and trustee therein named, assumed the will to be valid, and twenty-four years ago, pursuant to its

terms, sold the real estate devised by it. The will directed him to keep the proceeds until twenty-one years after the testator's death and then pay them to the persons indicated by the will. The plaintiffs are the persons thus indicated. Shearer, the trustee, is now dead, and the fund is in the hands of the defendant, his executor. Until this action was brought no one ever questioned the validity of the will. Its validity could only be challenged by the two sons of Samuel Stevens, his only heirs, who were adults when their father died. One of them is the father