SCHULSINGER v. BLAU et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. APPEAL—REVIEW ON MERITS—WAIVER OF RIGHT.
Plaintiff is not precluded from reviewing a judgment of dismissal of her complaint on the merits, by obtaining leave to amend, and not availing herself of the privilege, where she had formally excepted to orders directing a dismissal.

2. PARTNERSHIP—ACTION BETWEEN PARTNERS—COMPLAINT—SUFFICIENCY.
A complaint alleging a partnership and specific profits which have not been accounted for, but which fails to allege that the amount of profits had been agreed upon, or that there had been an account stated showing the balance due to plaintiff, fails to state a cause of action at law for the recovery of such balance.

3. ACTION—NATURE—LEGAL OR EQUITABLE.
The fact that a complaint demands judgment for a sum of money only does not necessarily stamp the action as one at law.

4. PARTNERSHIP—RIGHT TO ACCOUNTING—COMPLAINT—SUFFICIENCY—ABSENCE OF PROPER PRAYER.
A complaint alleging a partnership and conduct of the business resulting in undivided profits, on the amount of which the parties have not agreed, etc., states a cause of action in equity for an accounting, notwithstanding an omission to pray therefor.

5. SAME—ALLEGATION OF DISSOLUTION—SUFFICIENCY.
A complaint for an accounting, which states that the parties carried on business in accordance with the partnership articles until a certain date, "when the said business was discontinued, and the said parties have ceased to carry on the business under said agreement," sufficiently alleges the dissolution of the partnership.

6. SAME—ABANDONMENT OF BUSINESS.
Where the business conducted by a partnership has been long since abandoned, the partners are entitled to an accounting.

Patterson and O'Brien, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Dora Schulsinger against Carrie Blau and Stephen Nester. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Abraham H. Sarasohn, for appellant.
Sidney S. Meyers, for respondents.

LAUGHLIN, J. The first order was made at the Special Term for the trial of issues of fact. It recites that upon the case being moved for trial the defendants moved for a dismissal of the com-

plaint, upon the ground that it did not state facts sufficient to constitute a cause of action; that plaintiff's counsel then moved to amend, and the motion was granted upon condition that she pay defendants, within 10 days from service of the order, the taxable costs, including a trial fee, but excluding term fees, and serve a copy of the proposed complaint, the defendants then to have 15 days to answer, and the case to go back on the general calendar; and it provided that, upon plaintiff's failure to comply with the terms imposed, the complaint be dismissed on the motion made by defendants, on the ground "that the complaint as it stands does not constitute a cause of action." The second order recites the substance of the first, that the plaintiff failed to comply with the terms imposed within the time prescribed, and directed the dismissal of the complaint, with costs.

The respondents contend that the plaintiff is precluded from reviewing the judgment on the merits on account of obtaining leave to amend and not availing herself of the privilege granted. This contention is not tenable. There is no estoppel. The plaintiff formally filed an exception to so much of each order as directed a dismissal. The respondents have in no manner been prejudiced. The dismissal as finally made leaves the parties precisely where they would have been had the complaint been dismissed when the action was moved for trial. By granting leave to amend the court merely afforded the plaintiff an opportunity to amend if she were so advised. Yaple v. N. Y. Ontario & Western R. R. Co., 57 App. Div. 265, 68 N. Y. Supp. 292. Had she accepted the privilege granted upon the terms imposed, and amended her complaint, of course she would be precluded from reviewing the original order; but this she did not do. She declined to accept those terms, and appealed from the judgment, and by filing exceptions to the orders laid a foundation for their review. There has therefore been no waiver.

The important question raised by the appeal is whether the complaint states facts sufficient to constitute a cause of action. It alleges the making of an agreement between the plaintiff and defendants by which they became partners for the term of five years from the 12th day of January, 1900, under the firm name of S. Nester & Co., as manufacturers of and general dealers in furs and furrier articles, and in buying and selling certain merchandise; that the defendant Carrie Blau was to advance the stock of furs then owned by her, of the value of $5,000; that the defendant Nester was to contribute $500 in cash; that plaintiff was to contribute her services; that the parties were to bear all expenses and losses equally, and the plaintiff was to receive 15 per cent. of the profits, the defendant Nester 38 per cent., and the defendant Blau 47 per cent.; that the plaintiff was to be entitled to draw a salary of $7 per week, which was to be charged against the expense account of the business; that they entered upon the business of the firm, and carried on business in accordance with the copartnership articles, until the 23d day of March, 1902, "when the said business was discontinued, and the said parties thereto have ceased to carry on the business under said agreement"; that the actual profits during the continuance of

the copartnership business were $6,217.69; and that the plaintiff has demanded payment from the defendants of her share of the said profits, aggregating $932.65. The plaintiff demands judgment for $932.65.

We agree with the respondents' contention that the complaint fails to state a cause of action at law, in that there is no allegation that the amount of profits was agreed upon, or of an account stated showing the balance owing to the plaintiff from the defendants. Emery v. Pease, 20 N. Y. 62. As an action at law, therefore, the complaint could not be sustained; but the case was moved at Special Term as a suit in equity, not at Trial Term as an action at law. It is true that no equitable relief is demanded; but the mere fact that the complaint demands judgment for a sum of money only does not necessarily stamp the action as one at law. Wetmore v. Porter, 92 N. Y. 76; Murtha v. Curley, 90 N. Y. 372; Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748; Parker v. Pullman, 36 App. Div. 208, 56 N. Y. Supp. 734. It is manifest that the plaintiff is entitled to some relief upon the facts stated, and it is clear that without amending her complaint she would not be entitled to legal relief. A partnership and profits which have not been accounted for are alleged. Although the plaintiff specifies the amount of the profits, she does not allege that there has been an accounting, or that the parties have agreed upon the amount of profits, and therefore she cannot, on these allegations, recover at law. The partnership having existed and conducted business for a period, resulting in profits which have not been divided, and the parties not having agreed upon the amount of profits, it is clear that the plaintiff is entitled to an accounting, and this should have been decreed notwithstanding her omission to pray for an accounting. Emery v. Pease, supra; Gerding v. Funk, 48 App. Div. 603–607, 64 N. Y. Supp. 423, affirmed 169 N. Y. 572, 61 N. E. 1129; Squiers v. Thompson, 73 App. Div. 552, 76 N. Y. Supp. 734, affirmed 172 N. Y. 652, 65 N. E. 1122.

The complaint does not expressly allege that the partnership has been dissolved, but such, we think, is the effect of its allegations; and, in any event, it appears that the business for which it was organized has long since been abandoned, consequently the partners are entitled to an accounting. Spears v. Willis, 151 N. Y. 449, 45 N. E. 849; Mackey v. Auer, 8 Hun, 182; Sanger v. French, 157 N. Y. 235, 51 N. E. 979; Foote v. Pfoulke, 55 App. Div. 617, 67 N. Y. Supp. 368.

It follows, therefore, that the judgment should be reversed, and new trial ordered, with costs to appellant to abide the event, and the case restored to the Special Term calendar for trial.

All concur, except PATTERSON and O'BRIEN, JJ., who dissent.