## WALCOFF v. BITTKER.

(Supreme Court, Appellate Term. May 6, 1910.)

1. JOINT ADVENTURES (§ 1*)—AGREEMENTS RELATING TO LAND.

An agreement reciting that one party put in $12,000 and the other $6,000 to buy land, and that the title was taken in their name jointly, and providing for an equal division of rents, and for interest out of the profits to be paid to one on his surplus capital invested, in addition to his share of the profits, provided the property was sold in one year, and for payment of the capital contributed in event of sale, and an equal division of the surplus, constitutes a joint adventure.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. EXECUTORS AND ADMINISTRATORS (§ 41*)—ASSETS OF ESTATE—JOINT ADVENTURES.

An intestate and another, furnishing money in unequal amounts, took title to certain premises under a contract between them fixing the proportion in which the expenses were to be borne and the interest and profits divided between the parties. *Held*, that, considering the contract as a joint adventure, intestate's administrator had no cause of action to sue for profits collected by the other party after death of his intestate, since the realty descended to the heirs as tenants in common with the other joint adventurer.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 283; Dec. Dig. § 41.*]

3. EXECUTORS AND ADMINISTRATORS (§ 44*)—ASSETS OF ESTATE—PROFITS OF PARTNERSHIP.

*Held*, also, that, considering the transaction as constituting a partnership, the administrator had no right to sue for such profits, since property held by partners for partnership purposes descends to the heirs of a deceased partner as tenants in common with the other partners.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 295; Dec. Dig. § 44.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Philip Walcoff, as administrator, against Isaac Bittker. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Moses H. Rothstein (Samuel M. Levy, of counsel), for appellant. Rudolph L. Cherurg, for respondent.

SEABURY, J. The plaintiff sues as the administrator of the estate of Bessie Walcoff, deceased. The complaint does not allege the date of the death of Bessie Walcoff; but it does allege that the plaintiff was duly appointed administrator of the estate of Bessie Walcoff on May 11, 1906. It also alleges that Bessie Walcoff invested $12,500, and the defendant invested $6,000, in the purchase of the premises Nos. 332–336 East 102d street, borough of Manhattan, city of New York. Plaintiff's intestate and the defendant entered into an agreement, a copy of which is annexed to the complaint. The agreement recites the respective interests of the parties to it, and provides (1) for an equal division of the rents; (2) for interest out of the profits to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be paid to Bessie Walcoff on her surplus capital invested, in addition to her share of the profits, provided the property was sold in one year; and (3) for payment of the capital contributed in event of sale, and an equal division of any surplus. The complaint alleges, further, that the defendant collected the rents and made disbursements on the account of the owners of the property between February 2, 1906, and July, 1908, and that the property was sold under a decree foreclosing a mortgage on May 3, 1909. The complaint then demands judgment for an amount alleged therein to be one-half of the "total profits" from February, 1906, to July, 1908.

The defendant demurs to the complaint solely upon the ground that it fails to state facts sufficient to constitute a cause of action. The defendant appeals from the interlocutory judgment entered upon the decision of the court below overruling the demurrer to the complaint. The defendant contends that the plaintiff, as administrator, has no claim to the rents and profits, because upon the death of Bessie Walcoff, the plaintiff's intestate, the real estate descended to her heirs at law, who are alone entitled to that part of the rents and profits which do not belong under the agreement to the defendant.

While the complaint is not clear in its statement of facts, yet we think that it may fairly be inferred from the sixth paragraph that the moneys for which the plaintiff sues, and which it is alleged the defendant collected "on an account of himself and the said Bessie Walcoff, deceased," were so collected after the death of said Bessie Walcoff. We are of the opinion that the complaint shows that the transaction between Bessie Walcoff and the defendant was a single, special adventure on joint account, involving the payment of certain sums in specified proportions. As between themselves, the parties to that agreement were only tenants in common, and not partners. Clark v. Sidway, 142 U. S. 682, 12 Sup. Ct. 327, 35 L. Ed. 1157. Upon the death intestate of Bessie Walcoff, one of the co-tenants, her interest descended to her heirs as tenants in common with each other and with the defendant, the other tenant. The rents and profits which accrued after her death, and after her interest in the real estate had descended to her heirs at law, belong to the latter, and the administrator can make no lawful claim to it. Gerard on Titles to Real Estate, p. 375. Even if the relation between the parties to the agreement should be considered that of partners, they would still have held the real estate as tenants in common. As is said in Gerard on Titles to Real Estate, p. 320:

"Where real estate is held by partners for the purposes of the partnership, they do not hold it as partners, but as tenants in common, and the rules relative to partnership property do not apply in regard to it."

In Darrow v. Calkins, 154 N. Y. 503, 515, 49 N. E. 61, 64 (48 L. R. A. 299, 61 Am. St. Rep. 637) it is pointed out that the portion of the land of partners—

"not required for partnership equities retains its character as realty, and it leaves the laws of inheritance and descent to their ordinary operation."

In whatever light the relations of the parties to the agreement may be viewed, it would seem that an accounting would be necessary, under

the facts disclosed, to ascertain the amount due from the defendant. Schlusinger v. Blau, 84 App. Div. 390, 393, 82 N. Y. Supp. 686. We do not, however, consider that this question is presented for determination, as it is clear that whatever amount may ultimately be found due from the defendant as rent which has accrued subsequent to the death of Bessie Walcoff belongs, not to the administrator of Bessie Walcoff, but to her heirs at law.

It follows that the complaint is insufficient, and that the demurrer should have been sustained.

The interlocutory judgment is reversed, with costs, and the demurrer is sustained, with costs.

LEHMAN, J. (concurring). The plaintiff's intestate and the defendant together took title to certain premises. At the same time they entered into a contract which fixed the proportions in which the expenses were to be borne and the interest and profits were to be divided between the parties. After the death of the intestate his administrator brought this action at law for rents collected by the defendant. There is no allegation in the complaint from which it can be inferred that any of the rents had accrued before the intestate's death. On this appeal it is unnecessary for us to determine whether the parties were merely tenants in common of the land, or whether the contract established a partnership between them. In the one case, the complaint is defective, because the interest of a tenant in common descends to the heirs, and the action should be brought by the heirs; in the second case, the complaint is defective, because the partner is entitled to an accounting, but cannot bring an action at law.

The interlocutory judgment is reversed. with costs. and the demurrer is sustained, with costs.

BIJUR, J. (dissenting). The complaint recites a contract whereunder plaintiff's intestate agreed with defendant that whereas, the former had invested $12,500 and the latter $6,000 in a piece of property (presumably standing in the name of both), all expenses and income should be shared equally, and that, if the property were not sold within one year from the date of the agreement, the former should receive 6 per cent. interest on the excess of her capital invested, and that the "surplus" (namely, profit) arising on a final sale should be divided equally. It further alleges that the property was not sold until about three years after the death of plaintiff's intestate, and then it was sold under foreclosure, that defendant had, in the meantime, collected all the "profits," and had paid over to the plaintiff less than half of what he claims to be due under the agreement.

Defendant's counsel contends that the agreement constitutes a mere fixing of the respective interests of the parties as tenants in common, and that the rents subsequent to the death of the intestate belong to her heirs, and that, as the complaint does not distinguish between those collected before and those after her death, no cause of action at all in the plaintiff is set out in the complaint. The agreement and the conduct of the parties thereunder must be treated as establishing substantially a partnership between them. Wilcox v. Pratt, 125 N. Y.

688, 25 N. E. 1091; King v. Barnes, 109 N. Y. 267, 285, 16 N. E. 332, followed in Hollister v. Simonson, 18 App. Div. 73–78, 45 N. Y. Supp. 426. See also Chester v. Dickerson, 54 N. Y. 1, 8, 13 Am. Rep. 550.

Plaintiff, therefore, is entitled to an accounting as of partnership affairs; it being open to the heirs at law, upon his accounting as administrator of the estate, to litigate the question whether the rents accruing subsequent to the death of the intestate are to be regarded as real or personal assets. Darrow v. Calkins, 154 N. Y. 503–518, 49 N. E. 61–65, 48 L. R. A. 299, 61 Am. St. Rep. 637. The American rule as to the disposition of partnership realty upon the death of one of the partners is fully stated in the same case at pages 514 and 515 of 154 N. Y., and page 64 of 49 N. E. (48 L. R. A. 299, 61 Am. St. Rep. 637), followed and applied in Barney v. Pike, 94 App. Div. 199, 87 N. Y. Supp. 1038. While the complaint is framed as in an action at law, both in respect of its allegations and the prayer for judgment, it sufficiently states facts which demonstrate that plaintiff is entitled to an accounting in equity, and to no other form of relief, in this action. Shulsinger v. Blau, 84 App. Div. 390, 392, 393, 82 N. Y. Supp. 686; Emery v. Pease, 20 N. Y. 62, 64—both of which are precisely in point.

The demurrer interposed is directed solely to the absence of facts sufficient to constitute a cause of action under Code Civ. Proc. § 488, subd. 8. Therefore the interlocutory judgment overruling it should, in the present state of the record, be technically affirmed. As the City Court, however, has no jurisdiction to entertain actions in equity (Meyer v. Chamberlyn [City Ct. N. Y.] 62 N. Y. Supp. 431; Gutman v. Rogers [Com. Pl.] 13 N. Y. Supp. 891), this affirmance should be without costs. It is elementary that lack of jurisdiction of the subject-matter cannot be cured by waiver. 11 Cyc. 697. Consequently the attention of the court below, as well as of the parties, is invited to this ineradicable defect in this action.

The judgment should be affirmed, without costs.