MARTHA GOLDSTICKER, Plaintiff, v. LOUIS GOLDSTICKER, Defendant.

(Supreme Court, New York Special Term, February, 1919.)

Partnership — when executor of deceased partner may not maintain action at law against surviving partner — pleading — when motion for judgment on the pleadings granted.

Upon the dissolution of a partnership by the death of one partner, his executor may not maintain an action at law against the surviving partner to recover the deceased partner's interest unless there has been an agreement as to the amount due him, or an account stated and balance struck and

agreement to pay, express or implied, and a complaint which does not plead facts showing that plaintiff is entitled in equity to an accounting and payment of the amount found due thereon, is subject to demurrer and defendant's motion for judgment on the pleadings will be granted, with leave to plaintiff to amend the complaint.

DEMURRER to complaint.

William Goldsticker, for plaintiff.

Moss, Marcus & Wels, for defendant.

PENDLETON, J.  On the dissolution of a copartnership by death of one partner, the executor of the latter is entitled in equity to an accounting and the payment of the amount so found.  The complaint does not set out such a cause of action, and the objection being raised by demurrer, cannot be sustained on the ground that on the facts stated plaintiff might be entitled to maintain an action in equity for an accounting. *Low v. Swartwout,* 171 App. Div. 725; *Logan* v. *Fidelity-Phenix Fire Ins. Co.,* 181 id. 624.  An action at law for the recovery of the interest of one partner against the other cannot be sustained unless there has been an agreement as to the amount due, or an account stated and balance struck and agreement to pay, express or implied.  There is no such allegation in the complaint, nor is there any allegation of an agreement to pay the reasonable value of the deceased partner's interest, or of any fact from which such agreement would be implied as matter of law.  The allegation that the defendant took and kept the firm business and assets, and the firm debts being paid, now owns and runs the same, does not create by implication of law an agreement to pay the fair value, and if it is claimed that such an agreement may be inferred as an inference of fact, the

agreement should have been alleged in the complaint as a fact. *Schulsinger* v. *Blau*, 84 App. Div. 390. The allegation that defendant thereby became indebted for the reasonable value of decedent's interest is a conclusion of law and not admitted by the demurrer. The complaint fails to set forth facts sufficient to constitute a cause of action and the demurrer is well taken. Motion of defendant for judgment granted, with leave to plaintiff to amend the complaint within twenty days on payment of ten dollars costs.

Ordered accordingly.