### GUTMAN v. ROGERS.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. BAILMENT—LIABILITIES OF BAILEE—MONEY HAD AND RECEIVED.

   A bailee, who voluntarily effects insurance upon the goods of a consignor along with those of himself is not, in case of a loss wherein he receives an amount less than that for which his own goods are insured, liable to the consignor for money had and received to his use.

2. EQUITY—JURISDICTION.

   A complaint which states a cause of action requiring an accounting in equity cannot be entertained by the city court of New York.

Appeal from city court, general term.

Action by Carl Gutman against Henry Rogers to recover money had and received to the defendant's use. The plaintiff appeals from an order affirming a judgment of the trial term, dismissing the complaint at the close of the plaintiff's case. For former report, see *ante*, 576.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Meyer Auerbach*, for appellant. *John H. V. Arnold*, for respondent.

PRYOR, J.    In form and in substance the action is for money had and received by defendant to plaintiff's use. The rule is elementary that, to maintain such action, the plaintiff must allege and prove that the defendant has actually received money, or its equivalent, which belongs of right to the plaintiff, and which the defendant is bound in conscience to pay over to the plaintiff. And the evidence must tend to show a definite and determinate sum so due and payable to the plaintiff. *Harvey* v. *Archbold*, 3 Barn. & C. 626; *Tankersley* v. *Childers*, 23 Ala. 781. Although in form a common-law action, the litigation proceeds upon equitable principles, and, as the plaintiff may recover what appears to be due him *ex æquo et bono*, so the defendant may defeat the claim by showing a right of a like nature to retain the money. In the construction of this complaint the plaintiff exhibits a correct conception of the rules governing the action. Accordingly he alleges that the defendant, as bailee of his goods, insured them on his account; that the goods were destroyed by fire; and that upon such insurance the defendant received $177.85, which the plaintiff has demanded of him, but which he refuses to pay over, On the conclusion of the plaintiff's case, the complaint was dismissed; and the question is, did the evidence produced by the plaintiff, viewed in the aspect most favorable to him, authorize a verdict in his favor?

The case presented by the plaintiff was this: The delivery to the defendant, for sale on commission, of five musical boxes, of the value of $177.85; their destruction by fire; insurance of defendant in several companies "on merchandise the property of the assured, or held by the said assured in trust or on commission," to the amount of $67,000; that the value of the merchandise destroyed by fire in the defendant's store was $151,950.23; that the value of defendant's own property so destroyed was $149,665.03, and of consigned property $2,285.20; that defendant collected on all the insurance $61,760, less 5 per cent.; that in his sworn proof of loss presented to the insurance companies, and on which payment by them was based, the defendant included "Merchandise the property of others for which Henry Rogers is liable and responsible, $2,285.50," and also under the heading "Merchandise on consignment with Henry Rogers, January 30, 1888, and which is entirely destroyed by fire, Carl Gutman, $177.85;" that payments of the insurance money "were

made on the proofs as a whole, covering all the goods;" that defendant had never agreed to insure plaintiff's goods; that plaintiff never asked defendant to insure his goods; that plaintiff did not know until after the fire that there was any insurance on defendant's property which covered the plaintiff's goods; that he knew nothing about what insurance defendant had, or what it covered, until after the fire; that all the insurance defendant had at the time of the fire was placed before plaintiff's goods came into his possession. From this predicament of fact, the jury would not have been authorized to find that the defendant had $177.85, or any sum whatever, the property of the plaintiff, which defendant was bound to pay over to him. The policies procured by defendant did not insure the plaintiff's goods specifically. There was no obligation, legal or conventional, on defendant to insure the plaintiff's goods. In *Stilwell* v. *Staples*, 19 N. Y. 401, it was said that "the right of a bailor to avail himself of a policy may, it seems, independent of contract or custom, be asserted by him at any time while it continues in force; and when, in case of loss, the bailee has received money for the bailor's goods, it belongs to the latter, though he was ignorant of the insurance, and has done nothing to ratify or adopt it." The principle thus propounded with a semble does not cover the present case. It is not apparent that the defendant received any money for the plaintiff's goods. The amount of defendant's insurance was less than half the value of his own goods destroyed by the fire; and the money he received was less than the amount of his insurance. It is not apparent that the payments to him were increased a dollar on account of plaintiff's loss. The adjuster testified that "all I had in mind was a total insurance of so much, and a loss claimed in excess of it. I did not consider, nor was it in my mind in any way, that a man by the name of Gutman had $177.85 worth of music boxes left with Rogers for sale, which were destroyed by the fire. That there happened to be in this loss of this large amount of goods some other consigned goods did not enter at all in my mind in arriving at this figure for payment to Mr. Rogers, nor was the question of consigned goods taken up at all."

The circumstance upon which the appellant relies as evidence that the respondent received $177.85, on the insurance of appellant's goods, is that in his proofs of loss the respondent included the consignment of appellant. But this he did in necessary compliance with the provisions of the policies, which required a statement of the total loss; and it is still not apparent that the respondent received anything on account of the appellant's consignment. While thus the principle suggested in *Stilwell* v. *Staples*, *supra*, fails to support the appellant's contention, the point actually adjudicated by the court is fatal to his case; for the court ruled that, "where such insurance is effected by the the bailee or agent as a mere volunteer, he may abandon or modify it at his pleasure, until the principal has in some manner ratified or adopted it; and accordingly where a manufacturer effected insurance on his own goods and goods held by him in trust, and a loss occurred of his own goods to a greater value than the whole amount of insurance, held, that the owner of materials in the hands of the manufacturer to be worked up, who had in no way intervened in respect to an insurance, and had no knowledge of its existence until after the manufacturer had claimed the whole amount for himself, was not entitled to participate therein." And, on page 406, the court, per SELDEN, J., say· "The right of the owner of the goods to ratify or adopt such a policy, whether before or after a loss, must, from the nature of the case, be subject to certain limitations; that is, it must be subordinate to the right of the party who obtained the policy, to deal with it as he pleases, up to the time of its actual adoption." In the case at bar there is no evidence to warrant the conclusion that the appellant "actually adopted" the policy before the respondent "claimed the whole amount for himself." Reverting now to the peculiar nature of this action, by virtue of which, "whenever one person has in his

possession money which he cannot conscientiously retain from another, the latter may recover it," (*Roberts* v. *Ely*, 113 N. Y. 131, 20 N E. 606,) it is evident, beyond controversy, that the equity of the case is altogether with the respondent. The trouble and expense of the insurance were his alone. He has suffered a loss of $149,665.03, and has been indemnified only to the extent of $60,000. He was not directed by the appellant, nor required by law, to insure his goods. Appellant knew nothing of the insurance until after the fire, and so, by the respondent's refusal to pay him, has been disappointed in no expectation. Upon what ground of equity, then, does the appellant demand the money of the respondent, and why may not the respondent conscientiously retain it? Manifestly, the appellant's case is as destitute of equitable as of legal right. The properties of 11 several persons, who might claim the benefit of respondent's insurance, were destroyed by the fire. These properties were of unequal values, so that, to ascertain the proportion of indemnity payable to each, an accounting in equity was indispensable. *Rathbone* v. *Stocking*, 2 Barb. 135, 145; *Lee* v. *Adsit*, 37 N. Y. 78, 91; *McMahon* v. *Rauhr*, 47 N. Y. 67, 71; *Rodman* v. *Devlin*, 23 Hun, 590, 593. But the city court cannot entertain an action in equity; and an amendment of the complaint to conform to the proof, besides being inadmissible, because introducing a new and different cause of action, would have operated to oust the court of jurisdiction. Upon this additional and independent ground, the dismissal of the complaint is justifiable. Judgment affirmed, with costs. All concur.