(33 Misc. Rep. 736.)

## FROST v. WEEHAWKEN WHARF CO.

(City Court of New York, General Term.   January 4, 1901.)

COURTS — JURISDICTION — CITY COURT OF NEW YORK — JUDGMENT FOR SUM OF MONEY.

Under Code Civ. Proc. § 315, declaring that the jurisdiction of the city court of the city of New York extends to a case where the complaint demands judgment for a sum of money only, the court has no jurisdiction of an action in which the complaint is for such an amount as may be found due on an accounting.

Appeal from trial term.

Action by E. B. Frost against the Weehawken Wharf Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See 67 N. Y. Supp. 977.

Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Norman G. Johnson, for appellant.

Wilder & Anderson, for respondent.

CONLAN, J.   In considering this appeal, we propose to confine ourselves chiefly to the questions raised as to the jurisdiction of the court.   The provisions of the Code of Civil Procedure are not ambiguous, but distinct and certain.   Section 315 upon the subject is as follows:

"The jurisdiction of the city court of the city of New York extends to the following cases:   An action against a natural person or against a foreign or domestic corporation wherein the complaint demands judgment for a sum of money only."

A mere glance at the complaint before us is sufficient to show that the kind of judgment demanded is not one contained within the limitation above quoted.   It is clear that the same does not demand a judgment for a sum of money only, for that is something that may definitely be determined and fixed beforehand, as to the amount, in dollars and cents, to which the plaintiff deems himself entitled.   He concedes, by the form of his prayer for judgment, that the amount of the same is not a definite and fixed sum, but something to which he is or may be entitled after a judicial examination, and that is not what is contemplated by the provisions of section 315 conferring jurisdiction.   The meaning of the section of the Code under consideration is that he must demand in his prayer for judgment a specific sum in dollars and cents, and not for such an amount as may be found due upon an accounting.   If his action were one for unliquidated damages, he would certainly have named an amount as the sum to which he believed himself entitled; and, his action being upon contract, if a specific sum is due he could certainly calculate and determine it, and this is precisely what the Code says he must do to bring himself within the limitation.   Much that the appellant has argued upon his brief might be applicable here if this were not a court of limited jurisdiction, but authorities which are controlling upon jurisdictional questions in courts of general jurisdiction are not

always in point here, and the converse of the proposition is generally true. Again, the plaintiff's attempt to cure what he evidently supposed was a fatal defect in his pleading by asking for an amendment upon the trial was clearly one which would not have relieved the situation. He said, "I desire to make a motion to amend the prayer of the complaint so as to read as follows," and then follows a proposed unsubstantial amendment, which does not materially change the form of the demand for judgment; and the court, in determining the motion, said: "That motion will involve an accounting, anyway, if granted. I do not see that we have jurisdiction of this action." And this was the only attempt made to change the form of the prayer for relief or the demand for judgment. But we have before, in the case at bar, and upon a former appeal, adjudicated this precise question, and see nothing in the case as now presented to call for any change of view. Having reached a conclusion that the judgment appealed from should be confirmed, we have not considered the question of insufficiency of pleading,—the other ground of the appeal therefrom.

Judgment appealed from affirmed, with costs. All concur.