### GOLDBERG v. FREEMAN.

(Supreme Court, Appellate Term. February 23, 1905.)

LANDLORD AND TENANT—DEPOSITS—RECOVERY—BURDEN OF PROOF.

Where, in an action to recover the balance of a deposit made with defendant as security for plaintiff's performance of the covenants of a lease, plaintiff alleged that he had discharged all the conditions of the lease, which was denied by the answer, the burden was on plaintiff, as a part of his affirmative case, to give prima facie proof of performance of such covenants.

Appeal from City Court of New York, Trial Term.

Action by Michael Goldberg against Harry Freeman. From a City Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Morris Kamber (Lynn W. Thompson, of counsel), for appellant. Louis E. Miller, for respondent.

PER CURIAM. The action was brought to recover the balance of a deposit made with the defendant as security for the performance of the covenants and conditions of a lease. The plaintiff was dispossessed for the nonpayment of rent in the amount of $64, and recovered the amount of the deposit, less $64.

Doubtless the tenant was entitled to recover the balance of his deposit remaining, after deducting therefrom the amount of the damages suffered by the landlord from the breaches of covenants on his part prior to the dispossession. Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358. He alleged in his complaint, however, that he had discharged all his obligations under the lease, which the answer denied. Under such a condition of the pleadings it was plainly his duty, as a part of his affirmative case, to give prima facie proof of performance of the covenants on his part. In the absence of such proof, it was error for the court to direct a verdict in his favor.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.