(61 Misc. Rep. 302.)

### NIELE v. STOKES.

(Supreme Court, Appellate Term. December 16, 1908.)

COURTS (§ 188*)—CITY COURT OF NEW YORK—JURISDICTION—ACCOUNTING.

    A suit to recover money deposited to secure the performance of services as janitor is not a suit for accounting so as to deprive the City Court of New York of jurisdiction, though defendant claims that the janitor received rents which were unaccounted for in excess of the deposit.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 188.*]

Appeal from City Court of New York, Trial Term.

Action by Ferdinand Niele against Horace Stokes to recover a deposit made to secure the performance of services. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

George W. Carr, for appellant.

Merrill E. Gates, Jr. (H. William Smith, Jr., of counsel), for respondent.

GIEGERICH, J. One of the points upon which the appellant lays great stress is that the City Court of the city of New York had no jurisdiction of the first cause of action set forth in the complaint. In that cause of action the plaintiff sought to recover back from the defendant the sum of $200 which the plaintiff had deposited as security for the faithful performance of his duties as janitor and collector of rents of the houses in question. The defendant claimed that the plain-

tiff had collected and received rents in excess of his wages and the expenses paid or incurred by him, and that such excess amounted to more than the deposit with interest.

At the opening of the case a motion was made on behalf of the defendant to dismiss the complaint on the ground that the action was virtually one on an accounting by the plaintiff. The cases cited in the motion and upon the brief on appeal are Goldberg v. Freeman (Sup.) 92 N. Y. Supp. 237, Frost v. Weehawken Wharf Co., 33 Misc. Rep. 736, 68 N. Y. Supp. 399, and Gutman v. Rogers (Com. Pl.) 13 N. Y. Supp. 891. An examination of those cases will show that in the first the question of the equitable character of the action was not discussed, but that the court merely held that it was incumbent upon the plaintiff to give prima facie proof of performance of the covenants on his part; that action, like this, being to recover the balance of a deposit made with the defendant. In the second case, namely, Frost v. Weehawken Wharf Co., supra, it was held that as the complaint did not demand a money judgment simply, but was substantially for an accounting, the court below had no jurisdiction. In the last case, namely, Gutman v. Rogers, supra, the court held that there was no cause of action, and then, by way of dictum, went on to say that the action attempted was really one in equity and that the City Court in any event had no jurisdiction. The present case is distinguishable in the fact that here the plaintiff does not seek any accounting, but claims to have fully performed all the obligations incumbent upon him under the contract. The fact that various items of expenditure were drawn into controversy under the issues raised by the defendant's answer did not have the effect in my opinion of changing the character of the action, or of depriving the court of jurisdiction. A careful review of the evidence satisfies me that the verdict is sustained by the evidence. In my opinion the case does not contain any exceptions which constitute ground for a reversal of the judgment.

The judgment should therefore be affirmed, with costs. All concur.