JOHN G. RUMNEY v. AMANDA M. COVILLE, JOHN WEBSTER ET AL.

*Action on note deposited as security on a contract.*

A party to a contract has no right to bring suit upon a note placed by the other party in the hands of a third person as security, merely, for his fulfilment of the contract, so long as it is not agreed that the note shall be liquidated damages for non-performance, and the damages therefor have not been determined in a suit on the contract.

Error to the Superior Court of Detroit. (Chipman, J.) Jan. 17.—Feb. 27; rehearing on briefs: April.—July 2.

ASSUMPSIT. Defendants bring error. Reversed.

*Hawes & Phelps* for appellants. Suit on a note deposited with a trustee must be brought in the trustee's name: Hill on Trusts 503.

*Charles M. Swift* for appellee. A party to a contract, who has performed, can sue on a note deposited with his agent by the other party as security for the latter's performance: Story Bailm. § 321; *Comstock v. Smith* 23 Me. 202; *Nelson v. Wellington* 5 Bosw. 178; *Brown v. Ward* 3 Duer 660; *Androscoggin R. R. v. Auburn Bank* 48 Me. 335; *Jones v. Hawkins* 17 Ind. 550.

COOLEY, J. This case was argued and submitted at the last January term, and a decision made reversing the judgment and ordering a new trial. Subsequently, on applica-

tion of the plaintiff, the parties were allowed to file briefs in reargument.

The action is upon a promissory note for the sum of $598.25, given by the firm of A. M. Coville & Co., payable to the order of defendant, John Webster, and by him endorsed. The question in the case is whether this ever became an effective promissory note. The facts bearing upon the question appear to be the following:

In the year 1878, Martha J. Rumney of Detroit died, leaving a last will and testament whereby, after a specific gift not necessary to be here described, and after a residuary gift of her property to her five children equally, she made the following provisions:

"I will and direct that the share of my estate hereinbefore bequeathed and devised to my sons Benjamin Rumney and Henry R. Rumney shall remain in the hands of my executors until they reach respectively the age of twenty-five years, receiving meantime the income from the same; leaving it, however, to the wisdom and discretion of my executors to deliver to them respectively their shares of said estate at any time after they reach the age of twenty-one, or any part thereof, if said executors are fully satisfied in either case that said share will be safely, wisely and judiciously used.

"I hereby nominate and appoint my son John G. Rumney and my friend Guy F. Hinchman the executors of this, my last will and testament, with full power and authority to sell and convey any real estate of which I shall die seized."

The will was probated and John G. Rumney duly qualified as executor and received letters testamentary, but Hinchman renounced the trust.

April 4, 1882, John G. Rumney made a bargain with defendant Webster to sell to him the homestead property of the Rumney estate, for a price agreed upon, and gave him a contract by the terms of which the trade was to be consummated within a reasonable time, and "all the heirs and executors" were to be grantors in the conveyance. The following recital appears in the written contract: "To secure the fulfillment of this agreement said Webster has delivered said Coville & Co.'s note, and said John G. Rum-

ney $250 in cash, to Benjamin Vernor of Detroit, Michigan." The note now in suit and the money above mentioned were deposited with Vernor according to this recital.

May 5, 1882, Webster notified Rumney that he would not take the property. Rumney caused a deed of it, signed by all the living heirs,—one having died without issue—to be tendered, and this having been refused by Webster, Rumney procured the Coville note from Vernor and brought suit upon it. Hinchman was living when suit was brought. Benjamin and Henry Rumney were respectively over the age of twenty-one, but had not reached twenty-five.

On the original hearing such of the members of the Court as were present were of opinion that the power given by the will did not under the circumstances authorize John G. Rumney to make sale of the land. A change had taken place in the Court at the time of the rehearing, and on reviewing the case we find that while all agree that the judgment already entered is correct, we do not all agree in the grounds of the first decision. The first opinion is therefore withdrawn, and the decision placed upon a ground in which all concur.

The suit, it will be noticed, is upon the Coville note, which was deposited, as the written contract stated, "to secure the fulfillment of this agreement," and which Webster at the time endorsed. The note was at the time deposited in the hands of a third party. It is not stated in the agreement that the note was to be liquidated damages in the event of non-performance by Webster; and the fact that the deposit made by Rumney as security on his part, was less than half the amount of the note, would indicate that such was not the understanding. The note, then, must be deemed held by Vernor as mere security. But if held as security, it did not pass to Rumney as his property, and he would be entitled in any event to recover upon it only such damages as might be awarded to him. But as yet he

has recovered no damages, and has not, so far as we are informed, even brought suit upon the contract.

This is fatal to the present suit. The plaintiff was not entitled to take the note from Vernor for the purposes of a suit upon it; and this appears in his own showing.

The motion to vacate the judgment is denied.

The other Justices concurred.