WILLIAM D. LASHMETT, APPELLEE, V. JOHN PRALL; WIL-
LIAM J. PRALL, INTERVENER, ET AL., APPELLANTS.

FILED FEBRUARY 11, 1913. No. 17,013.

1. Action, Character of: PRACTICE. Under our code practice this court
must look to the substance of the issue presented and tried in
the lower court to determine the character of the action as to
whether it is legal or equitable in its nature. Wholesome rules
of practice which guard the essential rights of the parties must
be enforced, but technicalities which tend to defeat justice will
not be regarded.

2. ――――: ISSUES. When no issue is taken on the essential facts
answered by a garnishee, and a petition in intervention is filed
by leave of court and without objection, in which the legal title
of the fund in the hands of the garnishee is shown to be in the
intervener, and the plaintiff relies upon an equitable right to the
fund, the issue so presented and tried is equitable in its nature
and upon appeal will be so regarded.

3. Pleading and Proof. When one party alleges that a note in con-
troversy has not been paid, and no objection is made to the form
of the allegation and description of the note, and no plea of pay-
ment, and proof is admitted without objection showing the owner-
ship of the note and that it is unpaid, those facts so far as
relevant must be considered as established in determining the
issues presented.

4. Fraudulent Conveyances: ACTION: SET-OFF. Held, That under the
law, as stated in Lashmett v. Prall, 2 Neb. (Unof.) 284, the judg-
ment in the case at bar cannot be sustained for the reasons there
given.

APPEAL from the district court for Garfield county:
JAMES N. PAUL, JUDGE. Reversed and dismissed.

Cannon, Ferris, Swan & Lally, W. H. Thompson and
Guy Laverty, for appellants.

E. P. Clements, C. I. Bragg and H. A. Robbins, contra.

SEDGWICK, J.

In October, 1896, this plaintiff, William D. Lashmett,

recovered a judgment in the district court for Valley
county against John Prall in an action for damages in the
sum of $1,600 and costs. Afterwards a transcript of the
judgment was filed and docketed in the office of the clerk
of the district court for Loup county, and in January,
1897, the plaintiff began an action in the district court for
the last named county to set aside a certain deed of land
in that county made by the said John Prall and wife to his
son, William J. Prall, this plaintiff, and another son. In
that action the defendant John Prall answered, denying
that he was the owner of the lands in controversy, and
alleging that the deed to his sons was in good faith, and
alleging as a second defense that the plaintiff in that
action was indebted to him upon a promissory note in a
sum larger than the amount of the plaintiff's judgment,
and asking that an account be taken and the amount due
him upon the note offset against the judgment which the
plaintiff was asking to enforce. The trial court found in
favor of the plaintiff and entered a judgment setting aside
the conveyance of the tract of land to this intervener,
William J. Prall, and subjecting the same to the lien of
the judgment, and also found that there was nothing due
on the said note and that John Prall was not the holder
thereof in good faith. Upon appeal to this court the judg-
ment was reversed and the cause dismissed. 2 Neb.
(Unof.) 284. Afterwards the land involved in that litiga-
tion was sold and the purchase price paid into the Farmers
State Bank of Burwell, Nebraska. The said judgment
having been revived and execution issued and returned
thereon unsatisfied, the plaintiff caused the bank to be
summoned as a garnishee. The garnishee by its president
appeared and answered, and by leave of court its answer
was reduced to writing and filed in the case. The answer
disclosed the fact of the sale of the land and that the pur-
chase price was in the bank, and alleged that the garnishee
had been informed that the land and the proceeds thereof
belonged to this intervener, William J. Prall. The answer
also alleged the former proceedings above stated and the

action of this court thereon, and suggested to the court that the garnishee had been advised by counsel that those proceedings constituted a complete bar to the plaintiff's lien. William J. Prall, by leave of court, filed his petition in intervention, in which he alleged the deed from John Prall and wife to him, conveying the land in question, and other matters by reason of which he alleged that he was entitled to the money in the hands of the garnishee. The plaintiff filed a general denial to this pleading in intervention. The district court found the issue in favor of the plaintiff and ordered the garnishee to pay the money into court to be applied on plaintiff's judgment, and the intervener and garnishee have appealed.

The first question to be determined is as to the nature of the action that we are called upon to review. Under the code practice, the court must look to the substance of the issue presented and tried to determine the character of the action as to whether it is legal or equitable in its nature. The court must enforce wholesome rules of practice which guard the essential rights of the parties, but technicalities that tend to defeat justice are not so much regarded as formerly. If the answer of a garnishee is unsatisfactory to the plaintiff he may take issue thereon, and the statute amply provides for making up and filing such issue. In this case the answer of the garnishee so far as it alleged the facts upon which the liability depends is not controverted. The intervener, William J. Prall, alleged that he was the owner of the land and therefore entitled to the fund in controversy. The plaintiff denied his allegation and admitted that the title to the land was in the intervener, but still claimed that the intervener was not in equity the owner of the land and therefore not entitled to the fund. The issue then was entirely between the plaintiff and the intervener and was in its nature an equitable issue. The action now must be regarded as an action in equity.

The intervener in his petition alleged that the note held by John Prall against the plaintiff had not been paid, nor

any part of it. The allegation was incomplete and was subject to motion. No objection, however, was made to the petition in that regard. The plaintiff in his reply did not allege payment of the note, and witness for the intervener was allowed to testify without objection that the note was still owned by John Prall and was wholly unpaid. It would seem that the same issues were presented that were discussed in *Lashmett v. Prall*, 2 Neb. (Unof.) 284. In that case, referring to this same note, it was held: "The indorsee of negotiable paper before due and without notice of defenses, as collateral security for an antecedent debt, is a *bona fide* holder thereof for value within the meaning of the law merchant." The ownership of the note and liability of the plaintiff thereon were discussed quite at large in the opinion, and it was concluded that John Prall was the owner of the note, and that the plaintiff was liable thereon in an amount larger than the amount of the judgment. However, in referring to the contention that there was no liability on the note, it was said in the opinion that the trial court did not "determine especially or otherwise which of these two versions of the interview is the more accurate." From the transcript in this record of the judgment then entered by the trial court this statement in the opinion seems to have been a mistake. The principal question then presented was as to the correctness of the judgment setting aside the conveyances of the land, and the findings of the trial court as to liability on the note were reversed as well as the judgment complained of. If for these and other reasons it might be thought that the judgment of this court then entered should not be regarded as an adjudication of the liability upon the note, it still must be held upon the evidence and pleadings in the case at bar, as above stated, that the note is unpaid and is a valid claim in favor of John Prall and against this plaintiff. There was no plea of the statute of limitations, and, if there were, it would not seem equitable to allow the plaintiff to delay enforcement of his judgment until the five years' limita-

tion had elapsed and then plead the statute against the note, when it had been held that he could not enforce his judgment in an equitable proceeding without paying this note. Equity follows the law, and the statute provides that "when cross-demands have existed * * * the two demands must be deemed compensated, so far as they equal each other." Code, sec. 106. It follows that under the holding in that case this judgment cannot be sustained. The law was there stated thus: "To an action by a judgment creditor to set aside conveyances alleged to have been made in fraud of the judgment, it is a defense that the plaintiff is indebted, upon simple contract, to the judgment debtor in an amount equal to the judgment." It was held that, while the plaintiff was indebted to John Prall in an amount larger than the judgment, he could not maintain an action in equity to enforce that judgment. The reasons are stated in the opinion in the case referred to and it is not necessary to repeat them here.

The judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED.