Holmes v. Doll.

---

GEORGE HOLMES, ADMINISTRATOR, APPELLEE, v. CHARLES F. DOLL, APPELLANT.

FILED APRIL 14, 1917.    No. 19401.

1. **Appeal:** MISTAKEN REMEDY: AFFIRMANCE. In an action against a trustee for the value of notes and mortgages which he has wrongfully refused to transfer to the administrator of the estate of the beneficiary, where the petition shows that plaintiff is entitled to relief in some form, a judgment in his favor on a verdict sustained by evidence which in a court of equity would require findings in his favor will not be reversed on appeal merely because he mistook his remedy and prayed for a money judgment.

2. **Limitation of Actions:** Suit Against Trustee. The statute of limitations does not commence to run against an action by the administrator of the estate of a beneficiary, to recover from the trustee the value of notes and mortgages which he has refused to transfer to plaintiff, until the trustee has repudiated his trust and refused to transfer the property.

3. **Appeal:** Amendment of Answer: Discretion of Court. The refusal of the trial court to permit defendant to file an amended answer adding a counterclaim or set-off will not be disturbed unless an abuse of discretion has been shown.

Appeal from the district court for Douglas county: Charles Leslie, Judge. *Affirmed.*

*G. W. Shields & Sons,* for appellant.

*Howard H. Baldridge* and *Piatti & Wear, contra.*

Rose, J.

This is an action by the administrator of the estate of August Doll, deceased, to recover from Charles F. Doll the value of seven notes and mortgages held by the latter in his own name in trust for his uncle, the decedent, and which defendant has refused to transfer to plaintiff. Defendant admitted his refusal to transfer to plaintiff the notes and mortgages, asserted ownership thereof, and pleaded the statute of limitations as a bar to the action. The jury returned a verdict in favor of plaintiff for $28,770.30, the value of the notes and mortgages with interest. From a judgment thereon, defendant has appealed.

Defendant contends that plaintiff's remedy is a suit in equity, and that an objection to the introduction of evidence on that ground should have been sustained. In this connection it is also argued that the trial court erred in refusing to strike out that part of the reply tending to state an equitable action, on the ground that allegations of that nature should have been inserted in the petition. Of this ruling defendant is not in position to complain. Upon his motion similar allegations had previously been stricken from the petition. The petition and reply state facts en-

titling plaintiff to relief in some form. That the prayer of the petition is for a money judgment only does not prevent plaintiff from obtaining relief. *Secly v. Seely*, 150 N. Y. Supp. 66; *Schulsinger v. Blau*, 82 N. Y. Supp. 686; *Murtha v. Curley*, 90 N. Y. 372. The proof supports the finding of the jury. The parties understood the nature of the controversy between them. The identity of the notes and mortgages described in the petition and the character of plaintiff's claim were not left in doubt. On both sides proofs applicable to the case, considered either as an action at law or a suit in equity, were adduced at great length. Defendant did not object to the impaneling of a jury. If plaintiff had drawn his petition in conformity to defendant's understanding of equity pleading, the submission of issues of fact to a jury would have been in harmony with correct rules of practice. Defendant was not deprived of any opportunity to make a defense. The trial in fact lasted nearly a month. On the same evidence another trial of equal length in a court of equity would result in findings for plaintiff. On appeal, the objections to the form of the action, to the nature of the pleadings, and to the submission of issues of fact to a jury will be overruled. *Lashmett v. Prall*, 93 Neb. 184.

Defendant contends that the action is barred by the statute of limitations, the notes and mortgages having been held in his name for more than four years before the action was commenced. The proof tends to show that August Doll, for more than ten years before his death, bought and sold realty and personalty in the name of defendant, retaining absolute control over the property, defendant transferring title whenever requested by his uncle. During the latter's illness in 1909 defendant collected the interest on the notes and mortgages, and after his uncle's death in 1910 asserted absolute ownership of the property. The statute of limitations did not commence to run until defendant repudiated his trust and refused to transfer the notes and mortgages to plaintiff. *Davis v. Coburn*, 128 Mass. 377; *Schmidt v. Schmidt*, 216 Mass. 572.

The overruling of a motion to amend the answer is also assigned as error. The application was not made until the trial had been in progress eleven days. No satisfactory reason for the delay is given. It is not shown that the trial court abused its discretion in refusing permission to amend the answer.

Rulings of the trial court upon the admission of evidence and in the giving and refusing of instructions are also assailed, but prejudicial error in these respects has not been shown. The judgment is therefore

AFFIRMED.

HAMER and CORNISH, JJ., not sitting.