JOHN CAREY ET AL., APPELLEES, V. HERMAN ZABEL, APPELLANT.

FILED DECEMBER 31, 1924. No. 24335.

1. **Bills and Notes:** BONA FIDE PURCHASER. "The indorsee of negotiable paper before due and without notice of defenses, as collateral security for an antecedent debt, is a *bona fide* holder thereof for value within the meaning of the law merchant." *Lashmett v. Prall*, 2 Neb. (Unof.) 284.

2. ———: COLLATERAL: RIGHTS OF INDORSEE. "If a note is valid between the original parties, an indorsee who holds it as collateral may recover the face thereof with accrued interest, retaining any surplus as trustee for the party beneficially entitled thereto after his own claim is satisfied; but, if the note is invalid between the immediate parties, one who holds it as collateral

security may only recover the amount of his claim to which said note is collateral." *Benton v. Sikyta,* 84 Neb. 808.

3. ——: ——: RIGHT TO SUE. Where a promissory note is assigned by a vendee in due course as collateral security for the performance of an executory contract for the sale of land, the assignee may maintain an action on the note without first resorting to specific performance or an action for damages.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Holmes, Chambers & Mann* and *Hartigan & Fouts,* for appellant.

*Burr, Brown & Dibble* and *Stewart, Perry & Stewart,* contra.

Heard before MORRISSEY, C. J., DAY, GOOD and THOMPSON, JJ., and SHEPHERD, District Judge.

DAY, J.

This case was before this court on a former occasion, wherein a directed verdict for the defendants was reversed and the cause remanded for further proceedings, with permission to defendant Zabel to amend his answer if so advised. The ground of reversal was that no defense to the note sued on was pleaded in the answer of defendant Herman Zabel, and there was no competent evidence to support the judgment. Our former opinion is reported in 112 Neb. 16.

The action was based on a promissory note for $8,000, dated August 28, 1920, and due March 1, 1921. Zabel was the maker and the States Realty Investment Company, hereinafter called the realty company, payee and indorser. Plaintiffs are John Carey and Herbert G. Dyar, who pleaded in their petition that they were purchasers of the note in good faith in the regular course of business for a valuable consideration before maturity; that the payee indorsed the note and delivered it to them; that they are the owners and holders of it; and that it is unpaid. The maker and indorser were made parties defendant.

In addition to many of the allegations contained in the answer of Zabel on the former trial, he pleaded in an amended answer that the plaintiffs held the note as collateral security to an executory contract existing between plaintiffs and the realty company; that the plaintiffs have never enforced the said contract; that the plaintiffs still hold and have in their possession the consideration of said executory contract; and that no liability has accrued for which said note is held and pledged as collateral security. The answer further alleged that the consideration of the note was a contract between the realty company and Zabel for the purchase of certain real estate; that the realty company refused upon the date stipulated in the contract to perform the contract, whereby the consideration for the note has failed; and that the contract between the defendant Zabel and the realty company was rescinded by Zabel. The answer also alleged that the amount due upon the contract between the plaintiffs and the realty company on their contract had never been ascertained, and that it was less than the amount of the note.

The reply denied the allegations of the answer, except the admission of the defendant Zabel that he executed the note and the contract for sale between himself and the realty company.

At the close of the evidence upon the second trial, the court peremptorily instructed the jury to return a verdict in favor of the plaintiffs for the amount due upon the note, which was done, and judgment was entered on the verdict. Defendant Zabel appeals.

On the trial it developed that on August 23, 1920, the plaintiffs entered into a contract of sale with the realty company for certain lands in Perkins county, Nebraska, for a consideration of $22,400 of which $500 was to be paid in cash on the date of the contract; $4,000 on or before October 15, 1920; $9,900 on or before March 1, 1921; and $8,000 to be carried back on a mortgage on the land. The evidence also showed that on August 28, 1920, the realty company entered into a contract with the defendant

Zabel to sell the same tract of land for a consideration of $28,800, payable as follows: Cash receipt acknowledged $7,500; assignment of corporate stock $2,500; credit for indebtedness $2,800; note payable on March 1, 1921, $8,000; and assumption of a mortgage of $8,000 on the land.

The evidence shows that the realty company was unable to meet the payment due in October, 1920, and after some negotiation, and in January, 1921, it turned over to the plaintiffs the $8,000 note given by Zabel. This note was taken by plaintiffs as collateral security for the performance of the contract of the realty company with plaintiffs. At the time the note was indorsed and turned over to the plaintiffs, they had no knowledge of the consideration for which the note was given, and were innocent holders of the note for value before maturity.

It has been held by this court: "The indorsee of negotiable paper before due and without notice of defenses, as collateral security for an antecedent debt, is a *bona fide* holder thereof for value within the meaning of the law merchant." *Lashmett v. Prall,* 2 Neb. (Unof.) 284; *Lashmett v. Prall,* 93 Neb. 184. See Comp. St. 1922, sec. 4663.

It is argued, however, that the plaintiffs cannot maintain the action until it is first determined in an action of specific performance or in damages for a breach of the contract what amount is due upon the contract between the plaintiffs and the realty company. The argument is made that it would be unjust to permit the plaintiffs to collect the note and also keep the title to the land. The argument is persuasive, but not convincing. It appears, however, that the plaintiffs are not attempting to hold the title to the land and at the same time collect the note.

The record shows that in July, 1921, and before the suit was brought, the plaintiffs executed a deed to the lands sold by them to the realty company, and delivered the same to one Bair to be held in escrow and delivered to the realty company on the payment of the Zabel note. This deed appears to have been made in conformity to some modifications of the contract between the plaintiffs and the realty

company. Some months after the deed was executed and delivered to Bair, this action was commenced, and upon the trial the deed was tendered in court.

There is no privity between the contract of plaintiffs and the realty company, and the contract of Zabel and the realty company. The two contracts are entirely independent. After the plaintiffs sold the land to the realty company, they took the note in question as collateral security for part performance of the contract price. That they were innocent holders of the note before maturity for value is not denied. The realty company indorsed the note and delivered it to the plaintiffs. Under these circumstances it would seem that the plaintiffs' rights must be determined under the ordinary rules which govern the holders of collateral security. While it is true that the realty company was a party defendant in the action, it was made defendant because of its liability as indorser of the note, rather than as a party to the contract of purchase. Assuming that the note was invalid as between the immediate parties thereto, the rule is settled that one who holds a negotiable note as collateral security for a debt may recover only the amount of his claim to which said note is collateral. *Benton v. Sikyta*, 84 Neb. 808. In this case, however, the testimony is undisputed that at the time of the trial the amount due upon the contract was more than the amount due upon the note.

In support of his contention the defendant cites *Prichard v. Mulhall*, 127 Ia. 545. That action was a direct suit between the vendor and the vendee based upon an executory contract for the sale of land. The case turned upon the point that the record failed to disclose that the vendor tendered or produced in court a proper deed of conveyance for the use of the vendee. The court, however, used this language: "Assuming that upon breach of an executory contract for the sale of land the vendor may bring an action at law to recover the purchase price, it can only be maintained on a tender and production in court of a proper deed of conveyance for the use of the vendee." Defendant

also relies upon *Rumney v. Coville,* 51 Mich. 186. An examination of the facts in that case discloses an entirely different situation from the facts in the case at bar. Other cases cited by defendant are easily distinguishable.

In this view of the case, no defense being either pleaded or proved, the trial court did not err in directing a verdict for the plaintiffs, it having been shown that plaintiffs were *bona fide* holders of the note.

The judgment is, therefore,

AFFIRMED.

Note—See Pledges, 31 Cyc. 888, 889.